### HESSELGRAVE v. BUTLER BROS. CONST. CO.

(Supreme Court, Appellate Term. November 14, 1906.)

TRIAL—VERDICT—DISREGARD OF INSTRUCTIONS.

    Where the court charged that if defendants, by any act on their part, led to the falling of the brick, or omitted any act whereby the brick was caused to fall, it would be for the jury to say what injuries the plaintiff sustained, and, even if the brick fell, that fact alone, unsupported by any other evidence, was not sufficient to warrant charging defendants with the cause of the falling, and there was no evidence as to the cause of the falling of the brick or as to the person by whom it was caused to fall, a verdict for plaintiff was contrary to the law of the case as well as to the evidence, and cannot be sustained.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 790.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Herbert E. Hesselgrave against the Butler Bros. Construction Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Ford & Tuttle, for appellant.

Thomas M. Durkin, for respondent.

PER CURIAM. The learned trial justice charged the jury that if defendants by any act on their part "led to the falling of the brick," or if defendants "committed or omitted any act whereby this brick was caused to fall," it would be for the jury to say what injuries the plain-

tiff sustained, and that, "even if the brick fell, that fact alone, unsupported by any other evidence, is not sufficient to warrant defendants in being charged with the cause of the falling." There was no evidence as to the cause of the falling of the brick, or as to the person by whom it was caused to fall, and the fact that the brick fell stood alone, and was unsupported by any other evidence, and accordingly the verdict, if the jury followed the instructions of the court, must necessarily have been for the defendants; but the verdict was for plaintiff, and hence contrary to the law of the case, as well as contrary to the evidence.

The order will be reversed, the judgment will be vacated, and the verdict set aside, and a new trial will be ordered, with costs to appellant to abide the event.